UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br> Plaintiff, <br> v. <br> HALL, et. al., <br> Defendant. | 37-02017-00015952-CL-UD-CTL <br> Case No.: 17-cv-1528-BTM-NLS <br><br> **ORDER REMANDING CASE** |

On July 27, 2017, James Hall and Mary Hall ("Defendants"), defendants in an unlawful detainer action originally filed in the Superior Court of California, County of San Diego, filed a Notice of Removal removing the action to this Court. (Notice of Removal, ECF No. 1.) The Court finds that Defendants' Notice of Removal fails to establish that this Court has subject matter jurisdiction over the removed action, and accordingly **REMANDS** the action to state court.

Subject to exceptions not applicable here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district court and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction, and the removing defendant bears

the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. Of State of Calif. V. Constr. Laborers Vacation Tr. for S. Calif.*, 463 U.S. 1, 27–28 (1983). Whether a case "arises under" federal law thus turns on the nature of the claims asserted in plaintiff's complaint. *See id.* at 10 ("For better or worse . . . a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."). "A federal defense, however, is 'inadequate to confer federal jurisdiction.'" *Dennis v. Hart*, 724 F.3d 1249, 1253 (9th Cir. 2013) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

Here, Plaintiff filed a complaint asserting only a cause of action for unlawful detainer under California state law. The complaint therefore does not state a federal claim, nor does the asserted cause of action rest on federal law. Defendants assert that a federal question exists because their demurrer depends on the determination of their rights and Plaintiff's duties under federal law. However, the law is clear that federal defenses do not confer federal question jurisdiction. *Dennis*, 724 F.3d at 1253.

The removing defendant bears the burden of establishing that removal is proper, and the Court resolves all ambiguity in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). Defendants have failed to establish this Court's subject matter jurisdiction over this action. Therefore, the Court **REMANDS** this action to the Superior Court of California, County of San Diego.

Defendants also filed a motion for leave to proceed in forma pauperis. Because the Court remands this action to state court, Defendants' motion is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: August 23, 2017

_____
Barry Ted Moskowitz, Chief Judge
United States District Court